NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LABANA V. ANDRUS,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7072

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1098, Judge Margaret C. Bartley.

---

Decided: September 11, 2015

---

LABANA V. ANDRUS, New Iberia, LA, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; MEGHAN ALPHONSO, DAVID J. BARRANS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* MOORE, and STOLL, *Circuit Judges.*

PER CURIAM.

Labana Andrus appeals from a decision by the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision by the Board of Veterans Appeals ("Board") that her dependency and indemnity compensation ("DIC") benefits were properly terminated. *Andrus v. McDonald*, No. 14-1098 (Vet. App. Feb. 18, 2015) (A. 1–6). We *dismiss* for lack of jurisdiction.

## BACKGROUND

Alfred Andrus served on active duty in the U.S. Army from June 1977 to December 1985. He began receiving disability compensation sometime thereafter and on March 8, 2003, he married Ms. Andrus. Ten months and two days after the marriage, Mr. Andrus died of service-connected cardiorespiratory arrest, stage IV congestive heart failure, and acute renal failure.

The Department of Veterans Affairs ("VA") granted DIC benefits to Ms. Andrus effective February 1, 2004. Seven years later, the VA wrote to Ms. Andrus that it was stopping the DIC benefits because she did not qualify for them. The VA explained that Ms. Andrus could challenge the decision by submitting proof that she had children with Mr. Andrus or had been married to him for over a year. The VA subsequently notified Ms. Andrus that it had terminated the DIC benefits but that she would not have to repay the amounts mistakenly paid to her from 2004 to 2011.

Ms. Andrus appealed the termination of her DIC benefits to the Board. She argued that she had "won" her DIC case, that she was experiencing financial hardship,

and that it was unfair for the DIC payments to stop after having been paid for seven years. The Board denied the appeal, concluding that the DIC benefits were properly terminated. The Veterans Court affirmed, concluding that Ms. Andrus did not meet at least one of the three alternative requirements for DIC benefits: (1) she did not marry Mr. Andrus within 15 years of the period of service in which he incurred the condition that caused his death; (2) the marriage was not for at least one year; and (3) no children were born to her and Mr. Andrus before or during the marriage. *See* 38 U.S.C. §§ 1304, 1310(a); 38 C.F.R. §§ 3.50, 3.54(c). Ms. Andrus appeals.

## DISCUSSION

Our jurisdiction for reviewing Veterans Court decisions is limited by statute. *See* 38 U.S.C. § 7292(d). We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions," but lack jurisdiction over challenges to factual determinations or the application of law to the facts of a case. *Id.*

Ms. Andrus argues that the Veterans Court erred in affirming the termination of her DIC benefits. She argues that the termination was unfair and resulted in financial hardship for her. She argues that her benefits should not have been terminated because she had not remarried. She argues that the Veterans Court ignored Mr. Andrus's desire for the VA to "take care of" his two step-children. Appellant's Br. 1.

The VA argues that Ms. Andrus does not raise any issues that fall within our jurisdiction. We agree with the VA. As acknowledged by Ms. Andrus in her informal brief, the Veterans Court did not interpret any statutes or regulations or decide any constitutional issues. Its decision involved only factual determinations and application of law to those facts. Ms. Andrus does not appeal any questions of law and instead only challenges the Veterans

Court's determination that she does not qualify for DIC benefits based on the facts of her case. This question is beyond the scope of our jurisdiction.

CONCLUSION

Because we do not have jurisdiction over Ms. Andrus's appeal, we *dismiss*.

**DISMISSED**

COSTS

No costs.